IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ADAM SKUPA,<br><br>                    Defendant. | 8:16CR28<br><br>MEMORANDUM AND ORDER |

      This matter is before the court for initial review of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by the Defendant, Adam Skupa, ECF No. 42. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

      After pleading guilty to the offense of Possession with Intent to Distribute Five Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B), the Defendant received a sentence of 36 months incarceration to be followed by five years of supervised release. Judgment was entered on August 22, 2016. ECF No. 40. The Defendant did not appeal the conviction or sentence.

In the § 2255 Motion, the Defendant asserts that the sentence should be vacated pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268. In *Beckles v. United States*, the Supreme Court held that the United States Sentencing Guidelines ("USSG"), including the residual clause of § 4B1.2, are not subject to vagueness challenges under the Due Process Clause. No. 15-8544 (March 6, 2017).

A review of the Defendant's Presentence Investigation Report ("PSR"), ECF No. 37, reveals that the Defendant had no criminal history. See ECF No. 37, Page ID 69. He received no sentencing enhancements due to any prior crimes of violence, under the residual clauses of the ACCA or USSG § 4B1, or otherwise.

THEREFORE, IT IS ORDERED:

1. The Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion");

2. The Defendant's § 2255 Motion, ECF No. 42, is summarily denied;

3. The Defendant's Motion for Appointment of Counsel, ECF No. 43, is denied;

4. A separate Judgment will be issued; and

5.   The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 10th day of March, 2017.

> BY THE COURT:
>
> s/Laurie Smith Camp
> Chief United States District Judge